JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 750
Los Angeles, California 90064
Telephone: (323) 979-2063
Facsimile: (323) 488-6748

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**Eastern Division**

| | |
|---|---|
| ELISA RODRIGUEZ<br><br>Against<br><br>ARMAND LAW GROUP, PLLC | Case No.:<br><br>**COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code § 1788 *et seq*. |

Plaintiff Elisa Rodriguez ("Plaintiff" or "Anderson") by and through her attorneys, The Law Offices of Jonathan A. Stieglitz, as and for its Complaint against Defendant Armand Law Group, PLLC ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. § 2201. The Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violations of 15 U.S.C. § 1692 *et seq.*, commonly known as the Fair Debt Collections Practices Act ("FDCPA"), and Cal. Civ. Code § 1788 *et seq.*, commonly known as the Rosenthal Fair Debt Collections Practices Act ("RFDCPA").

## PARTIES

4. Plaintiff is a resident of the State of California, residing in the County of San Bernardino, at 1254 Lee Street, San Bernardino, CA 92408.

5. Defendant is "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address at 8668 Spring Mountain Road, Suite 101, Las Vegas, NV 89117.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

7. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

8. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. On or around August 18, 2016, Plaintiff received a collection letter from Defendant.

10. The letter states "According to Aargon they have not been successful in resolving this matter with you and requested that our office prepare this notice informing you of the outstanding balance and if necessary forward this account to a law firm in your area from our network."

11. This statement implies that there could be attorney involvement in the collection process, when it appears that neither Daniel Ryan (the signer of the letter) nor Armand Fried is licensed in California.

12. This letter falsely implies that an attorney from the Armand Law Group can have meaningful involvement in the process, when in reality the Defendant can never be anything more than a regular debt collector.

13. Although the letter states no attorney has reviewed the particular circumstances of your account, this statement is deficient since it should include that it will never be reviewed for a lawsuit in this office.

- 3 -

14. Further the letter states that Defendant represents "Aargon Agency Inc." and that "Aargon has been assigned to collect the outstanding balance on the above referenced account."

15. The letter deceptively holds Defendant out to be the debt collector but then states that an entity called Aargon Agency is collecting the debt.

16. The letter lables Western Dental Services as the creditor, but at no point clearly defines what Aargon's relationship is in the process.

17. More problematic is the appearance that the Defendant is merely renting out their letterhead to put fear in the Plaintiff, since it says all questions should be directed to Aargon, and lists Aargon's address.

18. It is deceptive to not clearly state who the collection agency is on any letter sent to the consumer.

19. It is deceptive and misleading to use the name of Defendant's law firm to intimidate Plaintiff with threats of legal action when, in fact, Defendant is not the entity collecting the debt.

20. The Defendant has provided false information as to the true identity of the collection agency.

21. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

23. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e10), 1692e(14) and 1692f.

24. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
### (Violations of the RFDCPA)

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

26. The RFDCPA requires debt collectors to comply with the FDCPA, and a violation of the FDCPA is also a violation of the RFDCPA. Cal. Civ. Code § 1788.17.

27. The remedies under the FDCPA and RFDCPA are cumulative, and Plaintiff is entitled to damages under both acts.

28. Upon information and belief, Defendant willfully and knowingly committed the violations of the FDCPA and RFDCPA described herein, and Plaintiff is entitled to statutory damages pursuant to Cal. Civ. Code § 1788.30(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civ. Code § 1788.30(a);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Cal. Civ. Code § 1788.30(b);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

d) A declaration that the Defendant's practices violated the FDCPA and the RFDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: March 1, 2017

          THE LAW OFFICES OF
          JONATHAN A. STIEGLITZ

          By:    /s/ Jonathan A Stieglitz

1 | Jonathan A Stieglitz
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28